UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
CALVIN REED,                                                      :
:
:
                                   Plaintiff,                     :
:        22 Civ. 10446 (JPC)
              -v-                                                 :
:        ORDER OF SERVICE
:
P.O. ANDRE LOGAN *et al.*,                                        :
:
                                   Defendants.                    :
:
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

    Plaintiff Calvin Reed, who is currently incarcerated in the Fishkill Correctional Facility, brings this *pro se* action, which was severed from *Reed v. City of New York*, No. 20 Civ. 8352 (JHR) (BCM) (S.D.N.Y.) ("*Reed I*"), asserting claims of violations of his federal constitutional rights and violations of state law by parole personnel employed by the New York State Department of Corrections and Community Supervision ("DOCCS"). *See Reed I*[1] Dkts. 15, 66. The operative pleading for this action is the amended complaint that was originally filed in *Reed I*. *See Reed I* Dkt. 12 at 49-50; *accord* Dkt. 2 at 49-50. Plaintiff seeks damages and sues: (1) DOCCS Parole Officer Andre Logan; (2) DOCCS Senior Parole Officer Medina; (3) DOCCS Area Parole Supervisor Nydia Garcia; (4) DOCCS Senior Parole Officer Shanavia Dandridge[2]; and (5) unidentified "John Doe" and "Jane Doe" DOCCS Parole Officers "#1-#5." The Court

---

[1] Citations to "*Reed I* Dkt." refer to the docket in the action currently pending before the Honorable Jennifer H. Rearden, *Reed v. City of New York*, No. 20 Civ. 8352 (JHR) (BCM) (S.D.N.Y.). "Dkt." citations refer to the docket before this Court, *Reed v. Logan*, No. 22 Civ. 10446 (JPC) (S.D.N.Y.).

[2] Plaintiff appears to have misspelled Defendant Dandridge's name as "Dandride" in the operative pleading. *See* Dkt. 2, at 8, 51.

construes the operative pleading as asserting claims under 42 U.S.C. § 1983, as well as associated claims under state law.

On February 2, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[3]  For the reasons discussed, the Court: (1) directs service on Defendants Logan, Medina, Garcia, and Dandridge; (2) directs the identified Defendants to comply with Local Civil Rule 33.2; and (3) directs the Attorney General of the State of New York to provide to the Court and Plaintiff the identities, service addresses, and, if appropriate, badge numbers of the unidentified "John Doe" and "Jane Doe" Defendants.

## I. Discussion

**A.    Defendants Logan, Medina, Garcia, and Dandridge**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[4]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Logan, Medina, Garcia, and Dandridge through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 Form") for each of those Defendants.  The

---

[3] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[4] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the operative pleading until the Court reviewed the operative pleading and ordered that summonses be issued.  The Court therefore extends the time to serve until 90 days after the date that summonses are issued.

Clerk of Court is further instructed to issue a summons for each of those Defendants and deliver to the U.S. Marshals Service all the paperwork necessary to effect service upon those Defendants. If the operative pleading is not served on those Defendants within ninety days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the operative pleading, the Defendants Logan, Medina, Garcia, and Dandridge must serve responses to those standard discovery requests. In their responses, those Defendants must quote each request verbatim.[5]

**C.     Unidentified Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the operative pleading, Plaintiff supplies sufficient information to permit DOCCS to identify the Unidentified Defendants;

---

[5] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

3

they include those employees of DOCCS who, on September 13, 2019, at the DOCCS Bronx Area III Parole Office, at 79 Alexander Avenue, in the Bronx, New York, were present with Defendant Logan when Plaintiff surrendered himself to DOCCS custody at that office.

It is therefore ordered that the Attorney General of the State of New York, who is the attorney for and agent of DOCCS, must ascertain the identities, service addresses, and if applicable, badge numbers of each unidentified "John Doe" or "Jane Doe" Defendant whom Plaintiff seeks to sue here. The Attorney General must provide this information to the Court and Plaintiff within 60 days of the date of this Order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming any newly identified defendants. The amended complaint will replace, not supplement, the current operative pleading. An amended complaint form that Plaintiff should complete is attached to this Order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing service on the newly identified defendants.

## II. Conclusion

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to issue summonses for Defendants Logan, Medina, Garcia, and Dandridge; complete a USM-285 Form with the address for each of those Defendants; and deliver all documents necessary to effect service on those Defendants to the U.S. Marshals Service.

The Court further directs Defendants Logan, Medina, Garcia, and Dandridge to comply with Local Civil Rule 33.2 within 120 days of service of the operative pleading.

The Court additionally directs the Clerk of Court to mail a copy of this Order and the operative pleading, Dkt. 2, to the Attorney General of the State of New York at 28 Liberty Street, 16th Floor, New York, New York 10005.

An amended complaint form is attached to this Order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: February 13, 2023
      New York, New York

_____
JOHN P. CRONAN
United States District Judge