USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/8/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CALVIN REED,

    Plaintiff,

-against-

P.O. ANDRE LOGAN, et al.,

    Defendants.

22-CV-10446 (JPC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

  The Court is in receipt of (i) plaintiff Calvin Reed's Application for the Court to Request Pro Bono Counsel (Pro Bono Counsel App.) (Dkt. 62) filed on July 2, 2024. For the reasons stated below, plaintiff's application is denied.

  The courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In civil cases – unlike criminal cases – there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a lawyer, it has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent that litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services *of pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

  In determining whether to grant an application for counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the

issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). As a threshold matter, plaintiff must demonstrate that his claim has substance or a likelihood of success. *See Hodge*, 802 F.2d at 60-61. Thus, as noted on the application form that plaintiff filled out, "requests for pro bono counsel are rarely granted at the early stages of a case and usually not before the Court has issued a decision on the merits of the case." Pro Bono Counsel App. at 1. Although this case has been on the docket since 2022, it is still at an early stage, procedurally. Indeed, because of plaintiff's failure to respond to defendants' interrogatories or serve his own discovery requests, this action has stalled in the early stages of discovery. Moreover, defendants' motion to dismiss is currently pending. Thus, the Court is not in a position to conclude that plaintiff's claims have substance.

    Plaintiff's request that the court seek pro bono counsel to represent him is therefore DENIED, without prejudice to renewal if and when plaintiff has made a stronger showing on the merits.

    The Clerk of Court is respectfully directed to close the motion at Dkt. 62.

Dated: New York, New York
       July 8, 2024                  SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**