USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __7/16/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CALVIN REED,

        Plaintiff,

-against-

P.O. ANDRE LOGAN, et al.,

        Defendants.

22-CV-10446 (JPC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On May 20, 2024, defendants filed a motion (Dkt. 52) to dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute, and Fed. R. Civ. P. 16(f), for violation of numerous court orders, including orders requiring plaintiff to appear at scheduled court conferences and respond to defendants' written discovery demands, which were first served upon him on November 27, 2023. On June 10, 2024, plaintiff filed a letter-motion (Dkt. 56), seeking "an extension of time to respond to the defendants' interrogatories," which the Court construed as his response to defendants' motion to dismiss. (*See* Dkt. 59.) On June 17, 2024, plaintiff filed another letter-motion (Dkt. 57), asking for "an extension of time for the above case" of "at least 30 days." On July 11, 2024, defendants filed their reply memorandum in further support of their motion to dismiss (Def. Reply Mem.) (Dkt. 64), together with a letter opposing plaintiff's June 17 extension request (Dkt. 65). Defendants argue that the various life challenges described in plaintiff's June 10 and June 17 submissions (including the death of his fiancée in March of this year, which required him to move out of her apartment into a shelter, unemployment, and an unspecified illness) do not justify plaintiff's prolonged inaction, excuse his multiple failures to comply with court orders and deadlines, or warrant a further extension of any of those deadlines. Def. Reply Mem. at 2-3.

Defendants are correct. No one forced plaintiff to file this action (or any of the other actions he has filed in this Court). Defendants should not be required to spend time and money defending it if plaintiff is unable or unwilling to shoulder even a fraction of his corresponding responsibilities. Moreover, given plaintiff's past performance, the Court has little confidence that things will be different if he is given yet another opportunity to comply with his discovery obligations.

As an exercise of discretion, however, the Court hereby GRANTS plaintiff's June 17 letter-motion to the extent that he may have until **August 15, 2024** (30 days from today), to respond to defendants' written discovery requests. Until that date, the Court will hold defendants' motion to dismiss in abeyance.

If plaintiff needs another copy of defendants' written discovery requests, he must contact defendants' counsel to make appropriate arrangements. He must then respond to each of defendants' document requests separately and in writing, and must produce all non-privileged responsive documents within his possession, custody, and control. *See* Fed. R. Civ. P. 34(b). Similarly, he must answer each interrogatory separately, fully, and under oath. *See* Fed. R. Civ. P. 33(b). Most importantly, he must serve his responses on defendants' counsel, together with the responsive documents, no later than **August 15, 2024**.

**No further extensions of this deadline will be granted.** If plaintiff fails yet again to meet his discovery obligations, he will not be given any further chances.

Dated: New York, New York          SO ORDERED.
       July 16, 2024

_____
**BARBARA MOSES**
**United States Magistrate Judge**

2