UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CALVIN REED,

        Plaintiff,

-against-

P.O. ANDRE LOGAN, et al.,

        Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   11/20/25
```

22-CV-10446 (JPC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court has received and reviewed plaintiff's letter-application, posted to the docket on November 17, 2025 (with a file date of November 12, 2025) (Dkt. 85), in which he requests, *inter alia*, to reopen discovery in this case so that he can serve a request for "surveillance," which the Court interprets to include both surveillance video (if any) and body-worn camera footage (if any) showing the alleged assault on plaintiff by the defendant parole officers on September 13, 2019. The Court has also received and reviewed defendants' opposition letter, dated and filed November 19, 2025 (Dkt. 87), which asks the Court to deny plaintiff's "untimely request" and adds that, even if plaintiff were permitted to serve late discovery demands, they would be "futile" because defendants are "not aware of, or in possession of, any surveillance video or BWC's pertaining to Plaintiff's allegations."

    Plaintiff's application to reopen discovery is DENIED.

    As plaintiff is aware, the parties were initially required to serve their written discovery requests by November 27, 2023. (Dkt. 40 at 1.) Although plaintiff was provided with this Court's guide to discovery for pro se litigants, he did not serve any discovery requests in that timeframe. He also failed to respond to defendants' written discovery requests (which were timely served on November 27, 2023) and failed to appear at conferences before this Court on January 18 and February 1, 2024. By order dated February 1, 2024, I extended plaintiff's deadline to respond to

defendants' written discovery requests and to serve his own written discovery requests to March 1, 2024 – and expressly warned that if he failed to meet that deadline, "***he may be deemed to have waived the right to seek written discovery in this action.***" (Dkt. 44 at 1.) March 1 came and went, but plaintiff failed, yet again, to respond to defendants' written discovery requests or to serve any requests of his own. Consequently, on March 27, 2024, I concluded that plaintiff had "waived his right to serve additional written discovery requests in this action." (Dkt. 46 at 2.) That was twenty months ago.

Plaintiff eventually responded to defendants' written discovery demands (on August 12, 2024, after the issuance of further court orders) and sat for deposition. (*See* Dkts. 66, 68, 73.) On November 30, 2024, discovery closed. (*See* Dkts. 68, 70.) At no time prior to that date, however, did plaintiff serve *any* discovery requests on defendants. Nor did he request leave to do so. Moreover, plaintiff continued to disregard my scheduling orders by, for example, failing to appear at a January 23, 2025 status conference with no notice other than a telephone call to the Pro Se Office, earlier that morning, to report that he "would be unable to attend and needed to reschedule." (Dkt. 74 at 2.)[1]

---

[1] On March 5, 2025, defendants filed a motion to dismiss all of plaintiff's claims with prejudice, for failure to prosecute and failure to comply with multiple court orders. (Dkt. 76.) On March 25, 2025, plaintiff timely filed an opposition letter, in which he argued that defendants should be required to produce the "body-worn footage" from the incident on September 13, 2019 (Dkt. 79 at ECF pp. 1-2), but failed to meaningfully address his multiple failures to appear in court when due. On October 28, 2025, I recommended that defendants' motion to dismiss be denied, noting, among other things, that I had already sanctioned plaintiff by "cut[ting] off [his] right to request additional discovery from defendants," and reasoning that since "discovery is now complete, and the case is poised for summary judgment or trial," there is "no need for further sanctions to enforce the Court's discovery orders." (Dkt. 84 at 13.) Defendants' motion to dismiss remains pending before the District Judge, who has not yet acted on my report and recommendation.

Requests to reopen discovery are governed by Fed. R. Civ. P. 16(b)(4), which requires a litigant to show "good cause" to modify a pretrial scheduling order. *See Moroughan v. Cnty. of Suffolk*, 320 F. Supp. 3d 511, 515 (E.D.N.Y. 2018) (collecting cases). The moving party "bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery." *Leong v. 127 Glen Head Inc.,* 2016 WL 845325, at *3 (E.D.N.Y. Mar. 2, 2016) (quoting *Thieriot v. Jaspan Schlesinger Hoffman LLP,* 2010 WL 4038765, at *6 (E.D.N.Y. Sept. 30, 2010)); *see also*, *e.g*., *Carroll v. Trump*, 2023 WL 2006312, at *7 (S.D.N.Y. Feb. 15, 2023) (when the district court is faced with a motion to reopen discovery, it considers "whether there has already been adequate opportunity for discovery" and "place[s] importance on the moving party's diligence in obtaining the discovery within the deadlines set by the court's scheduling order") (citations omitted). The court also considers "the likelihood that the discovery will lead to relevant evidence." *Id*. (quoting *Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011)).

Here, plaintiff had ample opportunity to request the discovery he now seeks within the time period set by this Court, but failed to do so. He also failed to act diligently after the Court concluded – twenty months ago – that through his own discovery misconduct he had "waived his right" to serve additional written discovery requests of his own. Moreover, plaintiff makes no showing that there is any relevant video footage to be produced. I therefore conclude that plaintiff has failed to show good cause to reopen discovery.

Dated: New York, New York
           November 20, 2025            **SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**