UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                             :

CALVIN REED,                                  :

                               :

                 Plaintiff,         :

                               :

           -v-                      :         22 Civ. 10446 (JPC) (BCM)

                               :

P.O. ANDRE LOGAN, *et al.*,         :        <u>ORDER ADOPTING</u>

                               :        <u>REPORT AND</u>

                 Defendants.    :        <u>RECOMMENDATION</u>

                               :

------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       In this action, *pro se* Plaintiff Calvin Reed alleges that, on September 13, 2019, several New York State parole officers assaulted him without provocation. On October 28, 2025, the Honorable Barbara C. Moses, to whom this case has been referred for general supervision of pretrial proceedings and the issuance of recommendations on dispositive motions, issued a Report and Recommendation, recommending that the undersigned deny Defendants' motion to dismiss this action pursuant to Federal Rules of Civil Procedure 41(b) and 16(f) for lack of prosecution and failure to comply with discovery and scheduling orders. Dkt. 84 ("R&R").

       A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, a district court reviews the report and recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation advised that from service of the Report and Recommendation, Defendants and Reed had fourteen days and seventeen days, respectively, to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object and preclude appellate review. R&R at 17; *see* Fed. R. Civ. P. 6(d) (adding three days to "[w]hen a party must act . . . after being served" if service is made by mail). The Report and Recommendation was electronically filed on October 28, 2025, and was mailed to Reed the following day. On November 18, 2025, this Court denied Reed's request for an extension of time to file objections. Dkt. 86. The time for making any objections has now passed and no objections have been filed by either party. The parties therefore have waived the right to object to the Report and Recommendation. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Notwithstanding this waiver, the Court has reviewed the Report and Recommendation *de novo*, finds it to be well reasoned and its conclusions well founded, and adopts it in its entirety.

In adopting the Report and Recommendation and denying Defendants' motion to dismiss, the Court should not be viewed as expressing approval of Reed's conduct during this litigation. To the contrary, the Court is highly troubled by Reed's repeated non-compliance with Judge Moses's orders, including by his absence at multiple court conferences and delayed production of discovery. Reed is put on notice that if his failure to comply with the Court's orders persists, the Court may still issue sanctions against him going forward, including dismissal of this action with prejudice under Rule 41(b). *See Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996) ("Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action when a plaintiff fails to comply with any order of the court.").

Defendants must file their motions for summary judgment within thirty days of this Order. The Clerk of Court is respectfully directed to terminate Docket Number 76.

2

SO ORDERED.

Dated: November 25, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge