USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/12/26__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CALVIN REED,

           Plaintiff,

     -against-

P.O. ANDRE LOGAN, et al.,

           Defendants.

22-CV-10446 (JPC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Defendants filed a motion for summary judgment on December 23, 2025. (Dkt. 91.) Under Local Civil Rule 6.1(b), plaintiff's response was due no later than January 6, 2026. However, in light of plaintiff's pro se status, the Court *sua sponte* EXTENDS plaintiff's time to oppose the summary judgment motion to **January 30, 2026**.

Plaintiff is advised that he should review the attached guide for pro se plaintiffs, which explains the procedural and substantive requirements to oppose a motion for summary judgment. *See* Pro Se Motions Guide at pp. 5-6. Plaintiff is warned that if he fails to respond to defendants' motion, the Court may treat it as unopposed.

Dated: New York, New York
       January 12, 2026

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**

**United States District Court**
**Southern District of New York**

# MOTIONS

This guide is intended to be a summary of basic procedures for motion practice. The statements in this guide do not constitute legal advice and may not be cited as legal authority. This guide does not take the place of the Federal Rules of Civil Procedure, this court's Local Civil Rules, or the individual rules of practice and orders of the judges of this court. Parties using this guide remain responsible for complying with all applicable rules of procedure.

## Introduction to Motions

### What is a motion?

- A motion is a formal way for a party to ask the court to do something. Generally, any time a party wants the court to do something in a case, that party must make a motion. See Fed. R. Civ. P. 7(b). Some types of motions — the types most often made in cases involving litigants without lawyers — are discussed in this packet.

### What is a dispositive motion?

- A "dispositive" motion means that if the court grants the motion, judgment will be entered with respect to certain claims or defenses, or even with respect to the entire case. Dispositive motions include motions to dismiss and motions for summary judgment.

- Other types of motions, such as a motion to amend the complaint or a motion for an extension of time, are "nondispositive," which means that the decision on the motion will not ordinarily result in judgment or dismissal of any part of the case.

### What are the steps for making a motion?

- Motions must be made in writing, except for those made during a hearing or a trial. See Fed. R. Civ. P. 7(b).
  - First, the party who makes the motion (called the "moving party" or "movant") files the motion, explaining what the moving party wants the court to do and why the court should do it.
  - Second, the opposing party files papers opposing the motion, explaining why the court should not grant the motion.

 
o Third, the moving party may file reply papers responding to the arguments made in the opposition papers. At that point, neither side may file any more documents related to the motion without permission from the court.

## Will there be oral argument on the motion?

- After all of the motion papers are filed, the court will typically decide the motion based solely on the arguments in the papers. In some cases, the court may schedule a conference where each side appears in the courtroom and states their arguments in person (this is called "oral argument").

- In either case, the court may decide the motion either in a written decision or by announcing the decision in the courtroom during a conference.

## How do I file and serve motion papers?

- Unless you have applied for and received permission to file your documents electronically, you should mail or deliver all papers to the Pro Se Intake Unit. The Clerk's Office will scan and docket your papers, and if the other parties have lawyers, they will be served with your papers electronically.

- If any other parties do not have lawyers, you must serve those parties with paper copies of your documents.

## When will the court decide the motion?

- Given how many cases each judge is assigned, it may take a while before the court decides a motion.

# Making a Motion

## How do I make a motion?

- First, you must determine the legal basis for bringing the motion. Some of the most common types of motions brought by plaintiffs without lawyers are motions for extensions of time, motions to compel compliance with discovery requests, and motions to amend a complaint.

- Second, you must check the Local Civil Rules and the judge's individual rules of practice to determine whether you are required to request a conference or take some other step before making your motion. If, for example, you would like to make a motion concerning a discovery issue, you must first write a letter to the judge. See Local Civil Rule 37.2. In some cases, a formal motion is not required, and you may make a motion simply by writing a letter.

- Third, you must draft your motion papers, which are described next.



## What documents do I need to file to make a motion?

- Under Local Civil Rule 7.1, unless the court makes an exception, all motions must include the following motion papers:[1]

    o **Notice of Motion:** This notice (usually just one page) specifies (1) the rules or statutes under which the party is bringing the motion, and (2) what the party is asking the court to do. A Notice of Motion form is attached to this guide.

    o **Memorandum of Law:** The memorandum of law describes the cases, other authorities, and arguments that support the party's position. This is often referred to as a "brief."

    o **Declaration:** A declaration (sometimes called an "affirmation") is a statement made under penalty of perjury that contains factual information relevant to the motion. The declaration may also include attached exhibits. A declaration is only required if factual information is necessary for the court to decide the motion.

- All motion papers must include a caption, the docket number, and the initials of the district judge and any magistrate judge before whom the case is pending, and have the name, address, telephone number, and email address (if available) of each person signing it clearly printed or typed below the signature. See Fed. R. Civ. P. 7, 10, 11; Local Civil Rule 11.1.

- Motion papers should also include a title next to or below the caption; for example, "Notice of Motion for Extension of Time" or "Declaration in Support of Motion to Dismiss." (Local Civil Rule 11.1 describes other formatting requirements for typewritten motions.)

- Certain types of motions may be made by letter. Check the Local Civil Rules and the individual rules of practice of the judge.

- If you are the one who made the motion, you are entitled to file a reply, responding to arguments that the other side made in its opposition papers.  Unless the judge set a different schedule or includes different deadlines in his or her individual rules of practice, a reply is generally due seven days after the opposition is served. Your reply should consist of a memorandum of law or declaration (or both).

---

[1] The Clerk of Court will not refuse to accept your papers simply because they do not exactly comply with these rules. See Fed. R. Civ. P. 5(d).



# Opposing Motions

### How much time do I have to oppose a motion?

- Unless otherwise ordered by the judge or specified in the judge's individual rules of practice, opposition to most motions must be filed within 14 calendar days after you are served with the motion papers. Check Federal Rule of Civil Procedure 6 and Local Civil Rule 6.1, as well as the judge's individual rules of practice, if you are unsure how much time you have to respond to a motion.

- If you need additional time to meet a motion deadline, you should ask the party who made the motion for an extension of time. If that party agrees, you and that party can submit the agreement to the court to get its approval of the proposed schedule. If that party does not agree, you may write a letter to the judge asking for an extension of time.

### What documents do I need to file to oppose a motion?

- Unless the court makes an exception, you will need to file a memorandum of law to oppose a motion. In your memorandum of law, you will describe the cases, other authorities, and arguments that support your position that the motion should not be granted.

- If factual information is necessary for the court to decide the motion (if, for example, the defendant has moved for summary judgment), you may also need to submit one or more declarations. You may attach additional evidence as exhibits to the declarations.

- After you file your opposition, the party who made the motion may file a reply. You cannot "oppose" or respond to reply papers without permission from the court.

# Motions to Dismiss (Rule 12)

- In a motion to dismiss, the defendant argues that, even if everything you allege in your complaint is true, there are legal defects that require the court to dismiss your complaint (for example, the allegations in your complaint do not state a constitutional violation). See Rules 12(b) and 12(c) of the Federal Rules of Civil Procedure.

- The defendant may move to dismiss before filing an answer (under Federal Rule of Civil Procedure 12(b)) or after (under Federal Rule of Civil Procedure 12(c)).

 
- If you need to add facts to your complaint to oppose the motion to dismiss, you should describe the additional facts in a proposed amended complaint and submit that document with your memorandum of law.

# Motions for Summary Judgment (Rule 56)

- In a motion for summary judgment, a party (usually, but not always, a defendant) argues that the court should decide the case without a trial, because the undisputed facts show that the other party is not entitled to a verdict in that other party's favor. See Rule 56 of the Federal Rules of Civil Procedure.

- With some exceptions, motions for summary judgment are normally made after discovery has concluded.

- To successfully oppose a motion for summary judgment, you need to present the evidence, through declarations or exhibits, that demonstrates that there are disputes over important facts and therefore a trial is needed.

- In addition to the other documents required to make a motion, a party's motion for summary judgment must include a statement in the form required by Local Civil Rule 56.1 (a 56.1 statement).

- In the 56.1 statement, the moving party must list, in individually numbered paragraphs, important facts that the party argues are not in dispute.

- To oppose a motion for summary judgment, in addition to a memorandum of law, you must submit your own statement responding to the other party's 56.1 statement.

  o In paragraphs numbered to correspond with the other party's 56.1 statement, you must state whether you agree or disagree with each factual statement.

  o If you agree with the statement, you may just write "agree" as to the particular numbered paragraph.

  o If you disagree with the statement, you must identify evidence that supports your version of the facts. You may cite to your own sworn statement (such as a declaration made under penalty of perjury), deposition testimony, witness affidavits, or other documents as evidence to demonstrate that there is a dispute concerning that statement of fact. All of this evidence must be submitted to the court. You may do this by filing a declaration signed under penalty of perjury, to which each piece of evidence is attached as a separate exhibit.

  o For example, if the defendant states: "1. The light was green when defendant entered the intersection," the plaintiff can either write: "1. Agree." or something like: "1. Disagree. The light was red when the defendant entered the intersection. See Police Accident Report, attached to plaintiff's declaration as Exhibit A."

- If you do not respond to the other party's 56.1 statement, or if you do not respond to a particular paragraph, the court may consider the opposing party's factual statement to be true.

- If you believe that you need access to additional information to oppose the motion, you must file a declaration stating what information you need and why you need it to oppose the motion. See Fed. R. Civ. P. 56(d). Usually, filing such a declaration is appropriate only if the motion was made before discovery ended.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff or petitioner.

-against-

_____

_____

Write the full name of each defendant or respondent.

Case No. _____ CV _____

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that _____    _____

plaintiff or defendant        name of party who is making the motion

requests that the Court:

_____

Briefly describe what you want the court to do. You should also include the Federal Rule(s) of Civil Procedure or the statute under which you are making the motion, if you know.

In support of this motion, I submit the following documents (check all that apply):

☐  a memorandum of law

☐  my own declaration, affirmation, or affidavit

☐  the following additional documents:

_____          _____
Dated                          Signature

_____          _____
Name                           Prison Identification # (if incarcerated)

_____          _____
Address            City               State        Zip Code

_____          _____
Telephone Number (if available)    E-mail Address (if available)

SDNY Rev: 5/24/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Fill in above the full name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Fill in above the full name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment."

I, _____ , declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 6/30/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| _____ | _____ |
| Executed on (date) | Signature |
| _____ | _____ |
| Name | Prison Identification # (if incarcerated) |
| _____ | _____ |
| Address | City                State        Zip Code |
| _____ | _____ |
| Telephone Number (if available) | E-mail Address (if available) |