UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CALVIN REED,<br><br>Plaintiff,<br><br>-v-<br><br>P.O. ANDRE LOGAN, *et al.*,<br><br>Defendants. | 22 Civ. 10446 (JPC) (BCM)<br><br><u>ORDER ADOPTING REPORT AND RECOMMENDATION</u> |

JOHN P. CRONAN, United States District Judge:

*Pro se* Plaintiff Calvin Reed brings this action under 42 U.S.C. § 1983 against Defendants Parole Officer Andre Logan, Senior Parole Officer Miguel Medina, Senior Parole Officer Shanavia Dandridge, and Area Parole Supervisor Nydia Garcia. He alleges that on September 13, 2019, while he was in Officer Logan's office, Defendants and several other officers attacked him without provocation. Dkt. 36 (Plaintiff's declaration) at 6. He further alleges that after they finished beating him, they transported him to the Edgecombe Residential Treatment Facility ("Edgecombe"), but that Officer Logan warned him to stay silent about his injuries and, as a result, he received no medical care. *Id.* at 7. Plaintiff asserts claims for excessive force and deliberate indifference to his serious medical needs under the Fourth, Eighth, and Fourteenth Amendments.

On December 23, 2025, Defendants moved for summary judgment. Dkt. 91. Plaintiff did not respond by his deadline to do so. On January 12, 2026, the Honorable Barbara Moses, to whom this case has been referred for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, extended Plaintiff's time to oppose the summary judgment motion, warned him that the motion might be treated as unopposed if he failed to

respond, and provided him with this District's motions guide for *pro se* litigants. Dkt. 96. Nonetheless, Plaintiff never filed any opposition. On August 27, 2026, Judge Moses issued a Report and Recommendation, recommending that the undersigned grant Defendants' motion and dismiss this action. Dkt. 98 ("R&R"). Defendants filed an objection directed to a single discrete finding. Dkt. 100 ("Objection"). For the reasons that follow, the Court adopts Judge Moses's Report and Recommendation in its entirety.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, a district court reviews the report and recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, or, if they received the Report and Recommendation solely by mail, seventeen days from the date it was mailed. R&R at 27. It warned that failure to timely file such objections would result in waiver of any right to object and preclude appellate review. Defendants timely filed their objection on September 10, 2026. Plaintiff, who was served by mail on August 28, 2026, had until September 14, 2026, to object. He has filed nothing.

The sole objection to the R&R is thus Defendants' objection to "the portion of the R&R that found that Defendants failed to serve the Local Civil Rule 56.2 notice upon Plaintiff." Objection at 3. This District's Local Civil Rule 56.2 requires a represented party moving for

summary judgment against a party proceeding *pro se* to "serve and file as a separate document, together with the papers in support of the motion, a 'Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment.'" Local Civ. R. 56.2. On December 23, 2025, Defendants filed their motion for summary judgment, Dkt. 91, a statement of undisputed facts under Local Civil Rule 56.1, Dkt. 92, a declaration along with sixteen exhibits, Dkt. 93, and a memorandum of law in support of the motion, Dkt. 94. They did not, however, file a Rule 56.2 notice.

Judge Moses therefore considered whether Defendants' "apparent failure to comply with Local Civil Rule 56.2 prohibits the Court from acting on their summary judgment motion." R&R at 21. The Report and Recommendation concluded that this failure was not grounds to deny the motion because "plaintiff was adequately advised of '[his] burden in responding to a motion for summary judgment, and the consequences of failing to do so.'" R&R at 23 (quoting *Rivera v. Goulart*, No. 15 Civ. 2197 (VSB), 2018 WL 4609106, at *3 (S.D.N.Y. Sept. 25, 2018)). Specifically, in an Order filed January 12, 2026, Plaintiff received guidance directly from the Court explaining the nature of a summary judgment motion and advising him of his burden in opposing one. Dkt. 96. Moreover, Judge Moses noted, Plaintiff's failure to file an opposition to Defendants' motion was consistent with "his repeated failure . . . to comply with his litigation obligations" and did not suggest that he did not understand his obligation to respond. R&R at 22.

Defendants do not identify any error by Judge Moses in her review of the filings presented to her. They acknowledge that "they did not file the notice as required by Local Civil Rule 56.2." Objection at 1. They contend, however, that they served that notice on Plaintiff together with their summary judgment motion. *Id.* at 2. In support, they submit the cover letter that accompanied service of the motion, which states that a statement pursuant to Rule 56.2 was enclosed, and a screenshot reflecting that the enclosed documents were last modified on the date the motion was

filed. Dkt. 101. This objection is largely academic, as the Report and Recommendation concluded that Defendants' non-compliance with Local Rule 56.2 should not prevent the Court from reaching the merits. In any event, these materials were never before Judge Moses and were presented for the first time in Defendants' objection to the Report and Recommendation.[1] "Absent a most compelling reason, the submission of new evidence in conjunction with objections to the Report and Recommendation should not be permitted." *Hous. Works, Inc. v. Turner*, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005). Defendants offer no reason, much less a compelling one, why the Rule 56.2 notice was not filed on the docket or why the Court should consider these documents now. *See id.*; *Blue Castle (Cayman) Ltd. v. Yee*, No. 23 Civ. 1724 (LDH) (LB), 2024 WL 4344788, at *3 (E.D.N.Y. Sept. 30, 2024) (refusing to consider a notice that the plaintiff mailed to the defendant where the plaintiff "could have presented the November 2022 notice prior to [the] R&R and offers no reason, much less a compelling one, for its neglect"). And there certainly was no error by Judge Moses in finding, on the record before her, that there was no evidence that a compliant Rule 56.2 statement was served by Defendants on Plaintiff. The Court thus overrules Defendants' objection.

No objections have been filed to the remainder of the Report and Recommendation, and the time for making any objections has passed. Plaintiff has therefore waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604-05 (2d Cir. 2008).

[1] Defendants also assert that "Counsel for Defendants filed an affirmation of service affirming these documents were served by mail." Objection at 2. Defendants did file an affirmation of service, but that document stated only that the "Motion for Summary Judgment and all supporting documents" were served upon Plaintiff. Dkt. 95. Nothing in the affirmation suggests that a Rule 56.2 notice was among those documents or otherwise indicates that information was provided to Plaintiff regarding the summary judgment standard.

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation and finds it to be well reasoned and its conclusions well founded.

The Court will briefly address the primary issues confronted by Judge Moses in the Report and Recommendation. First, Judge Moses correctly concluded that, regardless of whether Defendants served a Rule 56.2 notice on Plaintiff, Plaintiff "received ample guidance – directly from the Court – explaining the nature of a summary judgment motion . . . and advising him, among other things, that he must present 'evidence, through declarations or exhibits, that demonstrates that there are disputes over important facts and therefore a trial is needed.'" R&R at 22 (quoting Dkt. 96 (January 12, 2026 Order) at 6). It therefore was appropriate for Judge Moses to consider the merits of Defendants' summary judgment motion.

Further, while a court ordinarily may not assess credibility at summary judgment, "in the rare circumstance where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete," it is necessary to make some assessment of the plaintiff's account to determine whether the jury could reasonably find for the plaintiff. *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005). Judge Moses correctly concluded that this is such a case. Plaintiff's deposition testimony is the only evidence supporting his claims, and it is internally inconsistent, at odds with his own pleadings, and contradicted by contemporaneous records created by two separate agencies. These records establish that Plaintiff was taken directly from the parole office to Bronx Criminal Court and then to Rikers Island—not to Edgecombe, where he testified he spent the forty-five days following the alleged assault. *See* R&R at 23-24; Dkt. 93-2 (Plaintiff's deposition testimony) at 131:11-19. That testimony is further undermined by pervasive inconsistencies and conflicts with Plaintiff's own pleadings, *see* R&R at 24-26, such that even

drawing all reasonable inferences in his favor, no reasonable juror could credit Plaintiff's account, *see Rojas v. Roman Cath. Diocese of Rochester*, 660 F.3d 98, 105 (2d Cir. 2011).

Accordingly, the Court adopts the Report and Recommendation in its entirety and grants Defendants' motion for summary judgment. The Clerk of Court is respectfully directed to enter judgment in favor of Defendants, mail a copy of this Opinion and Order to Plaintiff, and terminate this case.

SO ORDERED.

Dated: September 15, 2026
New York, New York

JOHN P. CRONAN
United States District Judge